**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Jawan Rayel White, Appellant.

Appellate Case No. 2017-000281

———————

Appeal From Horry County
Larry B. Hyman, Jr., Circuit Court Judge

———————

Unpublished Opinion No. 2019-UP-158
Submitted March 1, 2019 – Filed May 1, 2019

———————

**AFFIRMED**

———————

Thurmond Brooker, of Brooker Law Firm, of Florence, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Joshua Abraham Edwards, both of Columbia; and Solicitor Jimmy A. Richardson, II, of Conway, all for Respondent.

———————

**PER CURIAM:** Jawan Rayel White appeals his conviction and twenty-five year sentence for trafficking in heroin, twenty-eight grams or more. White argues the trial court abused its discretion in denying his motion for a new trial because (1)

the trial court improperly charged the jury that guilt could be found on either the legal theory of conspiracy to purchase heroin or the attempt to purchase heroin, and (2) he was denied the right to confront his accusers under the Confrontation Clause of the Sixth Amendment of the United States Constitution. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to issue one: *State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 693 (2003) ("In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the trial [court]."); *State v. King*, 334 S.C. 504, 509-10, 514 S.E.2d 578, 581 (1999) (holding when a party has waived an issue by failing to make a timely objection, the issue may not preserved through a post-trial motion); *Dunbar,* 356 S.C. at 142, 587 S.E.2d at 694 ("A party may not argue one ground at trial and an alternate ground on appeal."); Rule 20(b), SCRCrimP ("Notwithstanding any request for legal instructions, the parties shall be given the opportunity to object to the giving or failure to give an instruction before the jury retires, but out of the hearing of the jury. Any objection shall state distinctly the matter objected to and the grounds for objection. Failure to object in accordance with this rule shall constitute a waiver of objection.").[1]

2. As to issue two: *Dunbar*, 356 S.C. at 142, 587 S.E.2d at 693 ("In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the trial [court]."); *State v. Holmes*, 320 S.C. 259, 266, 464 S.E.2d 334, 338 (1995) ("[A] new trial motion may not be used to raise an evidentiary issue for the first time . . . ."); *State v. Langford*, 400 S.C. 421, 432, 735 S.E.2d 471, 477 (2012) ("Constitutional questions must be preserved like any other issue on appeal."); *State v. Carlson*, 363 S.C. 586, 595, 611 S.E.2d 283, 287 (Ct. App. 2005) ("A party cannot complain of an error which his own conduct has induced."); *Dunbar,* 356 S.C. at 142, 587 S.E.2d at 694 581 ("A party may not argue one ground at trial and an alternate ground on appeal.").

**AFFIRMED.**[2]

---

[1] To the extent Appellant contends his argument is preserved under the thirteenth juror doctrine, this argument is unpersuasive because the thirteenth juror doctrine is not applicable under the facts of this case. *See Johnson v. Hoechst Celanese Corp.*, 317 S.C. 415, 421-22, 453 S.E.2d 908, 912 (Ct. App. 1995) (holding "[u]nder the thirteenth juror doctrine, a trial court may grant a new trial if the [court] believes the verdict is unsupported by the evidence," or "the verdict is inconsistent and reflects the jury's confusion").

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.

**LOCKEMY, C.J., and SHORT and MCDONALD, JJ., concur.**